OPINION
TERRIE LIVINGSTON, Justice.
Introduction
Appellant Phillip Bundy appeals his conviction for murder. In four issues, he asserts that the trial court erred by excluding character evidence of the deceased’s violent nature, refusing to include a requested jury instruction regarding apparent danger, and failing to require a unanimous verdict through the language of the jury charge, and that the evidence is factually insufficient to support the jury’s rejection of his self-defense claim. We affirm.
*428 Background Facts
At around three o’clock in the afternoon of February 27, 2005, at an apartment complex within a high-crime area of Fort Worth, Rodney Price was drinking beers and smoking cigarettes with several other individuals.[1] About that time, appellant, who was also at the complex, became angry and began carrying a knife while cursing. A dispute ensued between appellant and Price. Price, who was larger than appellant, took off his jacket, and then swung his fist at appellant and missed as appellant ducked. Appellant then quickly stuck the knife into Price’s side. Price began running as appellant chased him and attempted to stab him again. Price fell in the parking lot and raised his hands in an effort to protect himself, then ran toward a street, with appellant continuing to chase him. Upon reaching the street, Price collapsed as appellant ran away.
After a short time, medical personnel arrived to care for Price, and police arrived to document and photograph the crime scene and take statements from witnesses who had seen the fight. At 3:42 p.m., Price was pronounced dead. Price died from a stab wound to his left chest; he also had defensive cut wounds on his hands. The witnesses later identified appellant as the man who had stabbed Price. During the altercation, Price never displayed any weapons, and officers did not find any weapons at the scene.
A grand jury indicted appellant for murder. At trial, appellant argued that he acted in self-defense, and the State conceded that Price was the first aggressor. A witness called by appellant testified that on the afternoon these events occurred, she spoke with an eye witness who yelled repeatedly, “[I]t was self-defense!” Appellant’s counsel attempted to offer evidence that Price had two convictions for violent offenses for the purpose of showing that Price “was a violent man and he acted in a violent way,” but the trial court sustained the State’s objection to this evidence. Appellant’s counsel also requested that language regarding a theory of apparent danger be placed in the jury charge, but the court rejected this request. After the evidence was closed and counsel presented their arguments, the jury convicted appellant of murder and assessed punishment at fifteen years’ confinement.
Exclusion of Character Evidence
In his first issue, appellant asserts that the trial court erred in excluding character evidence of Price’s violent nature under Texas Rule of Evidence 404(a)(2). We review a trial court’s decision to exclude evidence under an abuse of discretion standard, and we must therefore affirm the trial court’s decision unless it is beyond the “zone of reasonable disagreement.” Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App.1996), cert. denied, 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997).
To preserve error in a trial court’s exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. Tex.R. Evid. 103(a)(2); Tex.R.App. P. 33.2; Chambers v. State, 866 S.W.2d 9, 27 (Tex.Crim.App.1993), cert. denied, 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994); Fairow v. State, 943 S.W.2d 895, 897 n. 2 (Tex.Crim.App.1997). The purpose of the offer of proof is to show what the witness’s testimony would have been— otherwise, there is nothing before the ap *429 pellate court to show reversible error in the trial court’s ruling. Stewart v. State, 686 S.W.2d 118, 122 (Tex.Crim.App.1984), cert. denied, 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985); see Guidry v. State, 9 S.W.3d 133, 153 (Tex.Crim.App.1999). Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel. Tex.R. Evid. 103(b); Love v. State, 861 S.W.2d 899, 901 (Tex.Crim.App.1993). Counsel’s concise statement must include a summary of the proposed testimony. Love, 861 S.W.2d at 901. Error is not preserved if the offer of proof is inadequate. Warner v. State, 969 S.W.2d 1, 2 (Tex.Crim.App.1998).
At trial, a lengthy exchange took place between counsel and the court regarding whether Price’s prior violent acts would be admissible. Appellant’s counsel stated that he intended to ask a witness to the stabbing about two prior convictions regarding violence allegedly committed by Price through a “have-you-heard” question, for the purpose of showing what Price’s “actual intent was.” However, appellant never submitted this question to the witness through a formal offer of proof, nor did he indicate what he believed the witness’s answer would have been. Because nothing in the record indicates what knowledge the witness had as to Price’s previous acts, the substance of the excluded testimony cannot be determined. Therefore, appellant failed to preserve error. See Stewart, 686 S.W.2d at 122. Moreover, we have held that under Texas Rule of Evidence 404(b)
[t]wo conditions precedent must exist ... before an extraneous act of the victim will be admissible to support a claim of self-defense: 1) some ambiguous or uncertain evidence of a violent or aggressive act by the victim must exist that tends to show the victim was the first aggressor; and 2) the proffered evidence must tend to dispel the ambiguity or explain the victim’s conduct.
Reyna v. State, 99 S.W.3d 344, 347 (Tex.App.-Fort Worth 2003, pet ref'd) (emphasis added); see also Torres v. State, 71 S.W.3d 758, 760 (Tex.Crim.App.2002) (explaining that such evidence of prior acts is admissible to show that “the deceased was the first aggressor”). Here, the witnesses to the events agreed at trial that Price swung his fist at appellant before appellant stabbed Price, and the State conceded this fact. Therefore, there was no ambiguity that the introduction of the victim’s previous violent acts would have dispelled.[2]
For these reasons, we overrule appellant’s first issue.
Apparent Danger Instruction
In his second issue, appellant argues that the trial court erred in excluding a requested jury instruction regarding apparent danger. Specifically, appellant requested an instruction at trial that would have stated:
In determining the existence of real or apparent danger, ... you should consider all the facts and circumstances in the case and evidence before you together with all the relevant facts and circumstances going to show the condition of *430 the mind of the Defendant at the time of the occurrence in question. And in considering such circumstances, you should place yourselves in Defendant’s position at that time and view them from his standpoint alone.
After hearing argument from counsel, the court excluded this instruction.
Appellate review of error in a jury charge involves a two-step process. Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex.Crim.App.1994). Initially, we must determine whether error occurred; if so, we must then evaluate whether sufficient harm resulted from the error to require reversal. Id. Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure the rights of [the] defendant,” which means no more than that there must be some harm to the accused from the error. Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); see also Abdnor, 871 S.W.2d at 732; Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh’g). In other words, a properly preserved error will require reversal as long as the error is not harmless. Almanza, 686 S.W.2d at 171. In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.” Id.; see Ovalle v. State, 13 S.W.3d 774, 786 (Tex.Crim.App.2000).
Texas courts have held that when a defendant claims self-defense, his rights are fully preserved (and the concept of “apparent danger” is properly presented) when a jury charge (1) states that a defendant’s conduct is justified if he reasonably believed that the deceased was using or attempting to use unlawful deadly force against the defendant, and (2) correctly defines “reasonable belief.” Valentine v. State, 587 S.W.2d 399, 401 (Tex.Crim.App. [Panel Op.] 1979); Venegas v. State, 660 S.W.2d 547, 551 (Tex.App.-San Antonio 1983, no pet.) (concluding that by defining “reasonable belief,” the trial court “adequately presented appellant’s defensive theory” of apparent danger). In other words, by defining “reasonable belief’ in accordance with the penal code, a trial court adequately relates to the jury that “a reasonable apprehension of danger, whether it be actual or apparent, is all that is required before one is entitled to exercise the right of self-defense against his adversary.” Valentine, 587 S.W.2d at 401; see also Price v. State, No. 02-02-00268-CR, 2003 WL 1351991, at *1 (Tex.App.-Fort Worth Mar.20, 2003, no pet.) (mem. op., not designated for publication) (explaining that by defining “reasonable belief,” the trial court “adequately presented the appellant’s defensive theory and protected his rights”).[3]
Here, the court’s charge instructed the jury that “a person is justified in using deadly force against ... another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other’s use or attempted use of unlawful deadly force.” The charge further explained that a person is justified in using deadly force “when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the other’s use or attempted use of unlawful deadly force.” Then the charge defined “reasonable belief’ as “a belief that would be held by an *431 ordinary and prudent person in the same circumstances as the Defendant.”
We hold that these instructions tracked the standards and definitions relating to self defense, deadly force, and reasonable belief provided in the penal code and therefore fully preserved appellant’s rights. See Tex. Penal Code Ann. §§ 1.07(a)(42), 9.31, 9.32 (Vernon Supp. 2008). Therefore, we overrule appellant’s second issue.
Verdict Unanimity
In his third issue, appellant contends that the trial court gave a defective charge because it failed to require the jury to agree on a unanimous verdict. Appellant admits that he did not object to the charge on this ground.
If there is error in the court’s charge but the appellant did not object to it at trial, we must decide whether it created such harm that appellant did not have a fair and impartial trial — in short, that “egregious harm” has occurred. Almanza, 686 S.W.2d at 171; see Tex.Code Crim. Proc. Ann. art. 36.19; Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App.1996). The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. Almanza, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. Ellison v. State, 86 S.W.3d 226, 227 (Tex.Crim.App.2002); Hutch, 922 S.W.2d at 171.
Jury unanimity is required in all criminal cases. Ngo v. State, 175 S.W.3d 738, 745 (Tex.Crim.App.2005). In other words, every juror must agree that “the defendant committed the same, single, specific criminal act.” Id. Appellant reasons that because the charge in this case defined murder through separate theories with separate mental states,[4] but contained only one application paragraph, the jury was not required to unanimously agree that the State proved the elements of the offense. However, we recently rejected this exact argument in Davis v. State, 268 S.W.3d 683, 710-12 (Tex.App.-Fort Worth 2008, pet. ref'd).
In Davis, the jury was charged with the same variant means of committing murder as the jury in this case. Id. at 712. As in this case, the appellant in Davis argued that charging murder in this method resulted in a nonunanimous verdict. Id. at 710. In rejecting that assertion, we held that
[wjhere the legislature has specified that any of several different mental states will satisfy the intent or mens rea element of a particular crime, unanimity is not required on the specific alternate mental state as long as the jury unanimously agrees that the State has proved the intent element beyond a reasonable doubt. That is, the jury did not need to unanimously agree on the preliminary factual issue of Davis’s mental state when he stabbed Latarsha, as long as it agreed on the bottom line-he murdered her.
The jury here was authorized in the charge of the court to find Davis guilty of murder if he “intentionally or knowingly cause[d] the death of an individual or intentionally, with intent to cause serious bodily injury, committed] an act clearly dangerous to human life and *432 cause[d] the death of an individual”; the jury returned a general verdict finding Davis “guilty of the offense of murder as charged in the indictment.” The jury unanimity requirement is not violated where, as here, the defendant was indicted under a statute providing alternate means of committing the same offense.
Id. at 712 (citations omitted); see also Schad v. Arizona, 501 U.S. 624, 632, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991) (explaining that there “is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict”); Jefferson v. State, 189 S.W.3d 305, 311 (Tex.Crim.App.), cert. denied, 549 U.S. 957, 127 S.Ct. 386, 166 L.Ed.2d 276 (2006) (stating that when the legislature has “specified that any of several different mental states will satisfy the intent or mens rea element of a particular crime, unanimity is not required on the specific alternate mental state as long as the jury unanimously agrees that the [Sjtate has proven the intent element beyond a reasonable doubt”).
The dissent quotes extensive passages from cases addressing the Texas murder statute where the issues decided did not involve unanimity, but rather concerned other issues related to jury charges or indictments. See Cook v. State, 884 S.W.2d 485, 490-92 (Tex.Crim.App.1994) (reversing a murder conviction because the jury charge applied the intent requirement to engaging in conduct rather than the result of the conduct); Lugo-Lugo v. State, 650 S.W.2d 72, 81-82 (Tex.Crim.App.1983) (op. on reh’g) (analyzing a challenge to the language of an indictment); Plunkett v. Estelle, 709 F.2d 1004, 1009-10 (5th Cir.1983), cert. denied, McKaskle v. Plunkett, 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984) (concluding that a conviction was improper where the jury charge contained a non-indicted theory of murder).[5] These cases all aptly describe that there are variant methods of committing murder in this state. However, the decisions do not address the “crucial” concerns of the unanimity requirement — that a jury cannot convict a defendant without agreeing on the specific actus reus which occurred, nor convict the defendant of wrongdoing by agreeing that a single incident occurred that could be classified as multiple offenses. See Ngo, 175 S.W.3d at 744-47 (concluding that the unanimity requirement was violated because the jury was not required to agree whether the defendant had stolen a credit card, received it while knowing it was stolen, or presented it with the intent to obtain a fraudulent benefit); Aguirre v. State, 732 S.W.2d 320, 326 (Tex.Crim.App.1987) (op. on reh’g) (affirming a murder conviction where the indictment charged both intentional and felony murder, but the jury charge only contained a general verdict, because the “indictment did not allege different offenses but only alleged different ways of committing the same offense”).
The dissent cites the holding of the Court of Criminal Appeals in Jefferson, but then dismisses its importance by applying its concurring opinion. Dissenting op. at 8-11. In Jefferson, the majority of the Court held that because the “essential element or focus of [the serious bodily injury to a child offense] is the result of the defendant’s conduct ... and not the possible combinations of conduct that cause the result,” the jury was not required to be *433 unanimous about such “combinations of conduct.” Jefferson, 189 S.W.3d at 312 (emphasis added). As the dissent notes, murder is likewise a result-focused offense. Dissenting op. at 436. See Schroeder v. State, 123 S.W.3d 398, 400 (Tex.Crim.App.2003) (explaining that murder is a “result of conduct” offense). Like the offense at issue in Jefferson, therefore, the jury is not required to unanimously agree about the “combinations of conduct” required to sustain a murder conviction, because these combinations of conduct do not create separate offenses. Aguirre, 732 S.W.2d at 326; see also Huffman v. State, 267 5.W.3d 902, 907 (Tex.Crim.App.2008) (stating that “[i]f the focus of the offense is the result — that is, the offense is a ‘result of conduct’ crime — then different types of results are considered to be separate offenses, but different types of conduct are not”) (emphasis added).
Because the jury in this case was only asked to examine one actus reus (the stabbing) and one result (Price’s death), and because precedent clearly holds that, for the purposes of jury unanimity, the variant means of murder comprise only one offense, there is no violation of the unanimity requirement in this case.[6] As in Davis, the charge in this case merely provided the jury with alternate means of committing the same offense — murder. Accordingly, we hold that the charge did not fail to require the jury to agree on a unanimous verdict, and we overrule appellant’s third issue.
Factual Sufficiency Challenge
In his final issue, appellant contends that the evidence presented at trial was factually insufficient to reject his claim of self-defense. Because self-defense is classified as a defense rather than an affirmative defense, we apply the factual sufficiency review generally applied to convictions to appellant’s challenge of the jury’s implicit finding beyond a reasonable doubt against his self-defense claim. See Denman v. State, 193 S.W.3d 129, 133 n. 2 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd); Manuel v. State, 981 S.W.2d 65, 68 (Tex.App.-Fort Worth 1998), aff'd 994 S.W.2d 658 (Tex.Crim.App.1999) (explaining that the State has the burden to disprove self-defense beyond a reasonable doubt).
Standard of Review
When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. Watson v. State, 204 S.W.3d 404, 414 (Tex.Crim.App.2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.Crim.App.2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust. Watson, 204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. Watson, 204 S.W.3d at 417.
In determining whether the evidence is factually insufficient, it is not enough that *434 this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.” Id. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence. Id. We may not simply substitute our judgment for the fact-finder’s. Johnson, 23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” Johnson, 23 S.W.3d at 8. Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.” Id. at 9.
An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.2003). Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Crim.App.2001); Johnson, 23 S.W.3d at 7.
Analysis
The State conceded and the evidence established that Price was the first aggressor. Specifically, Price swung his fist at appellant and appellant ducked before appellant stabbed Price with a knife. However, testimony at trial differed as to whether Price threatened appellant before attempting to punch him. One witness to the events testified that Price said he was going to “beat [appellant’s] ass” when he was about two feet away, another witness testified that Price did not say anything before swinging, and a third witness indicated that appellant was the verbal aggressor while Price “did nothing” and “just stood there.” The evidence further established that Price had been smoking crack cocaine and drinking beer earlier that afternoon, that Price was bigger than appellant, that Price may have “picked on” appellant in the week preceding the incident, and that one of the eye witnesses to the stabbing may have exclaimed later that day that “it was self-defense” (the evidence conflicted regarding this statement, as explained below). However, the evidence also indicated that Price displayed no weapons, that appellant was already angry and carrying a knife before approaching Price, and that appellant attempted to stab Price again as Price was trying to run away.
Appellant argues that he was justified in using deadly force because (1) Price was the first aggressor and had threatened that he was going to “beat [appellant’s] ass”, (2) Price had been smoking crack cocaine that day, and (3) an eye-witness to the stabbing allegedly opined that “it was self-defense!”
Viewing the facts in a neutral light, we cannot agree with appellant that the evidence was factually insufficient to justify the jury’s rejection of his self-defense claim. Deadly force in self-defense is justified only when a person reasonably believes the force is immediately necessary to protect the actor against the other’s use or attempted use of unlawful deadly force or to prevent the other’s imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery. Tex. Pe *435 nal Code Ann. § 9.32; Schiffert v. State, 257 S.W.3d 6, 14 (Tex.App.-Fort Worth 2008, pet. dism’d).
The facts recited above cannot support appellant’s assertion that he had a reasonable belief that Price was attempting to use deadly force or to commit one of these offenses. First, appellant’s deadly force was not a justifiable response to Price’s attempt to punch appellant, which was not deadly force. “Deadly force” is force “intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.” Tex. Penal Code Ann. § 9.01(3) (Vernon Supp.2008). “Serious bodily injury” is an injury that creates a “substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.” Id § 1.07(a)(46) (Vernon Supp.2008). A sole attempted punch does not satisfy these definitions. See Schiffert, 257 S.W.3d at 14 (concluding that a punch could not demonstrate an “attempt to use deadly force”); see also Castilleja v. State, No. 07-06-00062-CR, 2007 WL 2163111, at *4 (Tex.App.-Amarillo July 24, 2007, pet. struck) (mem. op., not designated for publication) (holding that the use of deadly force was not a proper response to a fist fight).
Second, even if Price verbally threatened that he was going to “beat [appellant’s] ass” (of which, as noted, the evidence conflicted), such a threat also does not justify appellant’s use of deadly force, because it does not indicate any intention to cause death or serious bodily injury as defined by these statutes. See Kirkpatrick v. State, 633 S.W.2d 357, 358 (Tex.App.-Fort Worth 1982, pet. ref'd, untimely filed) (deciding that the appellant was not entitled to use deadly force when the victim “hollered” at him and threatened to “kick his ass”). Third, though there is evidence in the record that Price smoked crack cocaine on the day of the stabbing, there is no evidence in the record that appellant knew he had done so. Therefore, this fact cannot contribute to any “reasonable belief’ held by appellant that deadly force was immediately necessary.
Next, appellant contends that the jury should have sustained his self-defense claim because a witness to the stabbing, Mercutio Howard, allegedly told appellant’s brother’s girlfriend, Carla Terhea, that “it was self-defense.” Terhea testified that Howard called her cell phone on the day of the stabbing and repeatedly yelled, “It was self-defense!” Terhea also testified that she had known Howard about three years before this conversation and that she was friendly with him. Ter-hea stated that she told Fort Worth Police Department Detective Sarah Jane Waters about Howard’s statements.
However, Howard testified that he never called Terhea, and he did not know who she was. Instead, Howard testified that a male identifying himself as appellant’s brother called him. Howard stated that he refused to talk about the incident with this person. Further, Detective Waters testified that Terhea never told her about Howard making such statements.
We must defer to the weight the jury gave to this contradictory testimonial evidence and must also therefore defer to the jury’s determination on the issue of the veracity of Howard’s statements. Johnson, 23 S.W.3d at 8-9; Schiffert, 257 S.W.3d at 16. Also, despite the conflict about Howard’s statements on the day of the stabbing, Howard’s testimony at trial was unambiguous — that Price swung at appellant and that in response, appellant stabbed Price. As we have concluded, this response was without legal justification. Finally, there is no evidence in the record indicating that Price had any intention of *436 committing aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.
Therefore, viewing all the evidence in a neutral light, we hold that the jury’s implicit rejection of appellant’s self-defense claim was not clearly wrong or manifestly unjust. Watson, 204 S.W.3d at 414-15, 417. Accordingly, we hold that the evidence is factually sufficient to support appellant’s conviction, and we overrule appellant’s fourth issue.
Conclusion
Having overruled all of appellant’s issues, we affirm the trial court’s judgment.

. Testimony at trial also indicated that Price had been smoking crack cocaine earlier that day.

. Evidence of a deceased’s character for violence may also be admissible to demonstrate that the defendant believed the force used "was immediately necessary to protect herself from the deceased.” Mozon v. State, 991 S.W.2d 841, 845 (Tex.Crim.App.1999). However, appellant cannot sustain his argument that the evidence was wrongly excluded on this ground because the proposed "have-you-heard” question was intended to be directed at a third-party witness to the events, rather than appellant himself, and therefore had no relation to appellant’s subjective belief.

. We note that at oral argument, counsel for appellant conceded that current precedent weighs against his argument on this issue.

. The charge instructed the jury to find appellant guilty if he either intentionally or knowingly caused Price’s death, or if with the intent to cause serious bodily injury, he intentionally committed an act clearly dangerous to human life which caused Price’s death. These are alternate means for committing murder under section 19.02(b) of the penal code. Tex. Penal Code Ann. § 19.02(b) (Vernon 2003).

. We note that while federal Fifth Circuit decisions may be persuasive, we are not obligated to follow them in the same way as we are obligated to follow the precedent of our State’s highest courts and the United States Supreme Court. See Penrod Drilling Corp. v. Williams, 868 S.W.2d 294, 296 (Tex.1993).

. We note that our sister courts have come to the same conclusion on this issue. See, e.g., Williams v. State, No. 03-05-00460-CR, 2008 WL 744710, at *5 (Tex.App.-Austin Mar.21, 2008, no pet.) (mem. op., not designated for publication); Yost v. State, 222 S.W.3d 865, 877-78 (Tex.App.-Houston [14th Dist.] 2007, pet. ref'd).