# NO. 12-14-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARQUEL JERMON SCOTT,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Marquel Jermon Scott appeals his conviction for murder. In one issue, Appellant contends that the evidence is insufficient to support the jury's implied rejection of his self-defense claim. We affirm.

### BACKGROUND

On November 26, 2012, Appellant, his fiancé, and three of their friends were socializing in the Hyenas Motorcycle Clubhouse. John Woods entered Hyenas and likewise was socializing with some of his friends, including Keeston Fields.

Appellant and Woods eventually engaged in a verbal altercation. As their argument escalated, a crowd gathered around them. Eventually, Woods struck Appellant. In response, Appellant pulled a gun and shot into the ground. As the crowd dispersed, Appellant shot at least one additional time.

Woods raced out of Hyenas, and Appellant chased after him. Appellant fired his gun at least two more times and then got in his vehicle and sped away. Appellant disposed of his gun, parked his car, secured a ride in another vehicle, and left the area.

The bullet from one of Appellant's shots struck Woods in the back. The bullet from another of the shots struck Fields in the chest. Fields died from his injuries, and Woods recovered from his.

Appellant was charged with the murder of Fields and the aggravated assault of Woods. Appellant turned himself in to the police and assisted in the retrieval of his gun. The murder charge proceeded to trial, and Appellant argued that he was not guilty because he fired his gun only in self-defense. The jury found Appellant guilty of murder and sentenced him to eighty years of imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence is insufficient to support a finding beyond a reasonable doubt that he was not acting in self-defense. Specifically, Appellant argues that no rational factfinder could have concluded beyond a reasonable doubt that Appellant acted in any manner other than in self-defense.

### Standard of Review and Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010). The issue of self-defense is a fact issue to be determined by the jury, and a jury's verdict of guilt is an implicit finding that it rejected a defendant's self-defense theory. *Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991). Accordingly, the jury's implicit rejection of a defendant's self-defense theory must be supported by legally sufficient evidence. *Id*. at 914. In reviewing the sufficiency of the evidence to support the jury's rejection of self-defense, we examine all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense and also could have found against the defendant on the self-defense issue beyond a reasonable doubt. *Id*.

When a defendant raises self-defense, he bears the burden of producing some evidence to support his defense. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (citing *Saxton*, 804 S.W.2d at 913–14). Once the defendant produces some evidence supporting his defense, the state then bears the burden of persuasion to "disprove the raised defense." *Id*. The burden of persuasion does not require the production of evidence; it requires only that the state

prove its case beyond a reasonable doubt. *Id.* Moreover, "[d]efensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the [s]tate's evidence insufficient since the credibility determination of such evidence is solely within the jury's province[,] and the jury is free to accept or reject the defensive evidence." *Saxton*, 804 S.W.2d at 914. When the evidence is conflicting, we generally defer to the weight the jury gave to the contradictory testimonial evidence. *See Bundy v. State*, 280 S.W.3d 425, 435 (Tex. App.—Fort Worth 2009, pet. ref'd) (finding evidence factually sufficient in face of contradictory testimonial evidence).

As applicable here, a person is justified in using deadly force in self-defense when and to the degree he reasonably believes deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force. TEX. PENAL CODE ANN. §§ 9.31(a), 9.32(a)(2) (West 2011). A "reasonable belief" is that which "would be held by an ordinary and prudent man in the same circumstances as the actor." *Id.* § 1.07(a)(42) (West Supp. 2014).

## **Application**

Several individuals witnessed the altercation that resulted in Fields's death and testified at trial. All of them testified that Woods and Appellant had an altercation, that Appellant fired a gun multiple times, and that Appellant was the only one to fire a gun. However, their testimony varied widely in several important particulars.

Some of the eyewitnesses claimed that Woods punched Appellant only once. Others claimed that he punched Appellant several times. Some claimed that Fields was not involved in the altercation between Woods and Appellant. Others claimed that Fields was beside Woods during the altercation. Some claimed that only Woods punched Appellant. Others claimed that Woods's friends also punched Appellant. One claimed that Woods did not punch Appellant, but instead only a friend of Woods punched Appellant. Some claimed that no one jumped on Appellant. Others claimed that several people jumped on Appellant. Some claimed that Appellant fired a warning shot into the ground and that Woods and his friends then backed away from him. Others claimed that Woods and his friends remained close to Appellant even after Appellant fired the first shot. Most claimed that only Appellant had a gun. Appellant claimed that Woods had a gun, but conceded that Woods never brandished the weapon.

Appellant further contended that Fields punched him even after Appellant fired a warning shot into the ground. He also testified that he fired one shot into the ground, and then he fired the second shot at Woods, but hit Fields instead. Appellant admitted that he shot Fields in the chest and Woods in the back after he fired the initial warning shot. But he contended that he was still scared of Fields and Woods when he shot them.

The jury also considered physical evidence. When Appellant was arrested, the State photographed him. This photograph, taken three days after the altercation, showed that Appellant had a "busted" lip but no bruising evident on his face. Additionally, the State established that the bullet that struck Fields was fired from Appellant's gun. Finally, the coroner noted that Fields had abrasions on his hand that were consistent with either having punched someone or having fallen on the ground.

It was the province of the jury to determine which of this conflicting testimony to credit and which to reject. *See Bundy*, 280 S.W.3d at 435. From the testimony, the jury reasonably could have determined that (1) Woods punched Appellant once, (2) Appellant responded to the punch by Woods by drawing a gun and firing a warning shot into the ground, (3) Woods and everyone else backed away from Appellant so that Appellant was not under a threat of any harm, and (4) Appellant then fired the gun again and hit Fields, resulting in Fields's death.

After viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found the essential elements of the offense and also could have found against Appellant on his self-defense issue beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914. Therefore, we hold that the evidence is sufficient to support the jury's implicit rejection of Appellant's self-defense claim. *See id*. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2015**

**NO. 12-14-00011-CR**

**MARQUEL JERMON SCOTT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0154-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*