

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00368-CR

LESTER FANE WEBB                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1304635D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Lester Fane Webb of aggravated sexual assault of a child under the age of fourteen years and assessed his punishment at seven years' confinement. The trial court sentenced him accordingly. In a single point, Appellant contends that the trial court reversibly erred by refusing to allow him to present evidence concerning his good character.

---

[1]*See* Tex. R. App. P. 47.4.

As the State points out, to preserve error in a trial court's exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked.[2]  Error may be preserved by an offer of proof, either in question-and-answer form or in the form of a concise statement by counsel.[3]  Counsel's concise statement must include a summary of the proposed testimony.[4]  Here, trial counsel made no offer of proof.  We note, however, that by skillful questioning, able trial counsel nevertheless managed to present to the jury the witness's opinion:

> Q.  Are you familiar for—with his reputation in the community for being a peaceful and law-abiding citizen?
>
> A.  Yes, we are.
>
> Q.  Okay.  And what is that reputation?
>
> A.  It's a very upstanding reputation, caring [and] law abiding.
>
> Q.  Uh-huh.  And his reputation for honesty?
>
> A.  Very good.
>
> Q.  Okay.  Would you trust him around your grandchildren?
>
> A.  I sure would.
>
> Q.  No hesitation?

---

[2]Tex. R. Evid. 103(a)(2); *Bundy v. State*, 280 S.W.3d 425, 428 (Tex. App.—Fort Worth 2009, pet. ref'd).

[3]Tex. R. Evid. 103(a)(2), (c); *Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).

[4]*Love*, 861 S.W.2d at 901.

A. No hesitation.

Q. You understand what he is charged with here today?

A. Yes, [I] do.

Q. And you understand it involves R[.]?

A. Right.

Q. And the allegation is sexual abuse?

A. Right.

Q. And I can sit here and go into all the details about what the allegation involves. Would that change your opinion of Mr. Webb?

A. No.

Because Appellant did not preserve error, we overrule his sole point and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 11, 2015

3