PD-0829-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/2/2015 1:33:48 PM
Accepted 7/2/2015 4:32:40 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

**LESTER FANE WEBB**
    **APPELLANT**

       **V.**        **COA NO.  02-14-00368-CR**
                          **TRIAL COURT NO. 1304635**

**THE STATE OF TEXAS,**
    **APPELLEE**

**APPEALED FROM CAUSE NUMBER 1304635D,  IN CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY, TEXAS; THE HONORABLE ELIZABETH BEACH, JUDGE PRESIDING.**

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK

**WILLIAM H. "BILL" RAY**
**TEXAS BAR CARD NO. 16608700**
**ATTORNEY FOR APPELLANT**

**LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.**
**512 MAIN STREET, STE. 308**
**FORT WORTH, TEXAS 76102**
**(817) 698-9090**
**(817) 698-9092, FAX**
**bill@billraylawyer.com**

***Oral Argument is NOT Requested***

## IDENTITY OF PARTIES AND COUNSEL

LESTER FANE WEBB
    c\o Texas Dept. of Criminal
    Justice, Institutional
    Division, Huntsville, Texas

APPELLANT

HONORABLE TERRI B MOORE
    300 Burnett Street, Suite 162
    Fort Worth, Texas 76102

ATTORNEY FOR APPELLANT AT TRIAL

HONORABLE WILLIAM H. RAY
    512 Main Street, Ste. 308
    Ft. Worth, Texas 76102

ATTORNEY FOR APPELLANT ON APPEAL

HONORABLE SHAREN WILSON
    401 West Belknap
    Fort Worth, Texas 76102

CRIMINAL DISTRICT ATTORNEY TARRANT COUNTY, TEXAS

HONORABLE STEVEN GEBHARDT
    401 West Belknap
    Fort Worth, Texas 76102

ASSISTANT DISTRICT ATTORNEY, TARRANT COUNTY, TEXAS

HONORABLE MICHELE HARTMAN
    401 West Belknap
    Fort Worth, Texas 76102

ASSISTANT DISTRICT ATTORNEY, TARRANT COUNTY, TEXAS

HONORABLE ELIZABETH BEACH
    401 West Belknap
    Fort Worth, Texas   76102

JUDGE, CRIMINAL DISTRICT COURT  NUMBER ONE TARRANT COUNTY, TEXAS

HONORABLE LISA McMINN
    P.O. Box 13046
    Austin, Texas 78711

STATE PROSECUTING ATTORNEY

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                          2

INDEX OF AUTHORITIES                                      4

STATEMENT CONCERNING ORAL ARGUMENT                       5

STATEMENT OF THE CASE                                    5

STATEMENT OF THE PROCEDURAL HISTORY                      6

GROUND FOR REVIEW

GROUND FOR REVIEW NUMBER ONE                             7

  THE TRIAL COURT ABUSED ITS DISCRETION BY
  REFUSING TO ALLOW APPELLANT TO PRESENT
  EVIDENCE OF GOOD CHARACTER, BASED ON
  THE STATE'S OBJECTION PURSUANT TO RULE 405,
  TEXAS RULES OF EVIDENCE.

PRAYER                                                   10

CERTIFICATE OF SERVICE                                   10

CERTIFICATE OF COMPLIANCE                                11

The Opinion of the Court of Appeals is included with this Petition.

# INDEX OF AUTHORITIES

Cases                                                                    Page

*Love v. State 861 S.W.3d 899, 901 (Tex.Crim.App. 1993*)                   *9*

*Melgar v. State, 236 S.W.3d 302, 306 (Tex.App.-Houston [1st Dist.]*       *7*
*2007, pet. ref'd)*

*Torres v. State,  71 S.W.3d 758, 760 (Tex. Crim. App. 2002)*              *8*

*Wheeler v. State, 67 S.W.3d 879, 882 n. 2 (Tex.Crim.App.2002)*            *7*

Statutes

*Rule 404(a), Texas Rules of Evidence*                                     *7*

*Rule 405, Texas Rules of Evidence*                                        *7*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.

## STATEMENT OF THE CASE

This is an appeal from a felony conviction and sentence for the offense of Aggravated Sexual Assault of a Child. Appellant was charged by indictment in cause number 1304635 with the offense of Continuous Sexual Abuse. CR, Page 7.

The jury found Appellant guilty of the lesser included offense of Aggravated Sexual Assault of a Child. CR, Page 210; RR-5, Pages 15-17. Appellant elected for the jury to assess punishment . The jury assessed punishment at 7 years in the Institutional Division of the Texas Department of Criminal Justice. CR, Page 210; RR-5, Pages 29-31.

On direct appeal, the Court of Appeals for the Second Appellate District in Fort Worth affirmed Appellant's conviction. The opinion was not designated for publication.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on August 29, 2014. Notice of Appeal was timely filed. Appellant timely filed his brief in the Court of Appeals on January 13, 2015. The State timely filed its brief on March 13, 2015.

The case was submitted to the Court of Appeals, without oral argument, on May 22, 2015. The Court of Appeals affirmed Appellant's conviction on June 11, 2015. That opinion is not designated for publication.

This Petition for Discretionary Review is timely filed.

# GROUND FOR REVIEW NUMBER ONE

## THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW APPELLANT TO PRESENT EVIDENCE OF GOOD CHARACTER, BASED ON THE STATE'S OBJECTION PURSUANT TO RULE 405, TEXAS RULES OF EVIDENCE

Generally, character evidence is not admissible to show that a person acted in conformity with a character trait on a particular occasion. *Tex.R. Evid. 404(a); Melgar v. State, 236 S.W.3d 302, 306 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd).* But an accused in a criminal case is permitted to introduce evidence of a specific good-character trait to show that it is improbable that he committed the charged offense when that character trait is relevant to the offense. *Tex.R. Evid. 404(a)(1)(A)*; *Melgar, 236 S.W.3d at 306-07*. A pertinent trait is " one that relates to a trait involved in the offense charged or a defense raised." *Melgar, 236 S.W.3d at 307*. Thus, in a prosecution for a crime of violence, the defendant's character for being peaceful is pertinent because evidence of peaceful character makes it less likely that the defendant committed the crime. **Id**. In a murder case, the accused's reputation for peacefulness, or nonaggressive behavior, is the appropriate inquiry. *Wheeler v. State, 67 S.W.3d 879, 882 n. 2 (Tex.Crim.App.2002); Melgar, 236 S.W.3d at 307*. This type of evidence can be elicited via opinion or reputation testimony, or both. *Tex.R. Evid. 405(a); Melgar, 236 S.W.3d at 308*.

*Rule 405 of the Texas Rules of Evidence* states:

Methods of Proving Character

**(a) Reputation or Opinion.** In all cases in which evidence of a person's character or character trait is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. In a criminal case, to be qualified to testify at the guilt stage of trial concerning the character or character trait of an accused, a witness must have been familiar with the reputation, or with the underlying facts or information upon which the opinion is based, prior to the day of the offense. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct.

**(b) Specific Instances of Conduct.** In cases in which a person's character or character trait is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).* An appellate court may not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Id.*

In the present case, Appellant sought to prove that he had a good character

through the testimony of Martha Walker, who had known Appellant in excess of two decades. RR-4, 193-196. The State's objection "Rule 405" was erroneously sustained. RR-4, Page 196. Walker should have been allowed to testify that in her opinion, Appellant did not have the type character to commit the offense for which he was charged. It was therefore relevant to the subject of the trial.

Appellant submits that the trial court abused its discretion in not allowing this testimony. Martha Walker was the only witness that Appellant attempted to ask about his character. Appellant submits that to not allow this question was improper and an abuse of discretion.

The Court of Appeals held that Appellant's trial counsel did not preserve error, but did "by skillful questioning" manage to present the witnesses opinion. Opinion, at pages 1-3. As the Court of Appeals noted, error may be made by an offer of proof. Opinion, at page 2. ***Love v. State 861 S.W.3d 899, 901 (Tex.Crim.App. 1993)***. Appellant submits that by asking the questions referred to above, Appellant did make an offer of proof. For this reason, Appellant submits that he did preserve error and the Court of Appeals should not have dismissed his complaint for that reason.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court reverse his conviction and remand the case for a new trial.

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellant's Brief was delivered via the electronic filing system to the office of Joe Shannon, Jr., Criminal District Attorney, Criminal District Attorney of Tarrant County, Texas, 401 W. Belknap St. Ft. Worth, Tx. 76196-0201 on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was placed in the United States Mail addressed to Appellant, in the Texas Department of Corrections, on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that the Brief on Direct Appeal filed in this case, has 1527  words contained therein.  This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00368-CR

| | | |
|---|---|---|
| Lester Fane Webb | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (1304635D) |
| v. | § | June 11, 2015 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By _/s/ Lee Ann Dauphinot_____
　　　Justice Lee Ann Dauphinot



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00368-CR

---

LESTER FANE WEBB                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

---------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1304635D

---------

## MEMORANDUM OPINION[1]

---------

A jury convicted Appellant Lester Fane Webb of aggravated sexual assault of a child under the age of fourteen years and assessed his punishment at seven years' confinement. The trial court sentenced him accordingly. In a single point, Appellant contends that the trial court reversibly erred by refusing to allow him to present evidence concerning his good character.

---

[1]*See* Tex. R. App. P. 47.4.

As the State points out, to preserve error in a trial court's exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked.[2]  Error may be preserved by an offer of proof, either in question-and-answer form or in the form of a concise statement by counsel.[3]  Counsel's concise statement must include a summary of the proposed testimony.[4]  Here, trial counsel made no offer of proof.  We note, however, that by skillful questioning, able trial counsel nevertheless managed to present to the jury the witness's opinion:

Q. Are you familiar for—with his reputation in the community for being a peaceful and law-abiding citizen?

A. Yes, we are.

Q. Okay.  And what is that reputation?

A. It's a very upstanding reputation, caring [and] law abiding.

Q. Uh-huh.  And his reputation for honesty?

A. Very good.

Q. Okay.  Would you trust him around your grandchildren?

A. I sure would.

Q. No hesitation?

---

[2]Tex. R. Evid. 103(a)(2); *Bundy v. State*, 280 S.W.3d 425, 428 (Tex. App.—Fort Worth 2009, pet. ref'd).

[3]Tex. R. Evid. 103(a)(2), (c); *Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).

[4]*Love*, 861 S.W.2d at 901.

Q.    No hesitation.

Q.    You understand what he is charged with here today?

A.    Yes, [I] do.

Q.    And you understand it involves R[.]?

A.    Right.

Q.    And the allegation is sexual abuse?

A.    Right.

Q.    And I can sit here and go into all the details about what the allegation involves.  Would that change your opinion of Mr. Webb?

A.    No.

Because Appellant did not preserve error, we overrule his sole point and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 11, 2015

3