PD-1135-15

PD-1135-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/1/2015 9:47:15 AM
Accepted 9/1/2015 1:46:16 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**MICHAEL PAUL LAVOIE**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1251622D from the 213th
Criminal Court of Tarrant County, Texas,
and Cause No. 02-14-00333-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Micheal Paul Lavoie

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

Trial Court Judge:            Hon. Louis Sturns,
                              213th Criminal Court, Tarrant County

Petitioner:                   Micheal Paul Lavoie

Petitioner's Trial Counsel:   Pia Rodriguez
                              TBN: 00792983
                              Attorney at Law
                              1116 W. Randol Mill, Suite B
                              Arlington, Texas 76012

                                     –and–

                              Thomas Murphree
                              TBN: 24083542
                              Attorney at Law
                              2745 Hemphill St.
                              Fort Worth, Texas 76110

Petitioner's Counsel          Kimberley Campbell
on Appeal:                    TBN: 03712020
                              Factor, Campbell & Collins
                              Attorneys at Law
                              5719 Airport Freeway
                              Fort Worth, Texas 76117

Appellee:                     The State of Texas

Appellee's Trial Counsel:     Page Simpson
                              TBN: 24046073
                              Kevin Boneberg
                              TBN: 24009911
                              District Attorney's Office
                              401 W. Belknap
                              Fort Worth, Texas 76196

Appellee's Counsel
on Appeal:

Debra Windsor
TBN: 00788692
John Meskunas
TBN: 24051044
District Attorney's Office
 401 W. Belknap Street
Fort Worth, Texas 76196

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . .2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I.     The Court of Appeals erred when it affirmed the trial court's denial of Appellant's 404(b) objection to extraneous offense evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

     A.    *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

     B.    *The Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . .6

     C.    *Standard of Review*. . . . . . . . . . . . . . . . . . . . . . . . . . .7

     D.    *Applicable Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

     E.    *Discussion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

     F.    *Harm Analysis*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . .16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

# INDEX OF AUTHORITIES

*Cases*                                                          *page*

*Casey v. State*,
     215 S.W.3d 870 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . .8

*De La Paz v. State*,
     279 S.W.3d 336 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . .7

*Johnson v. State*,
     43 S.W.3d 1 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . .13, 14, 15

*Johnson v. State*,
     967 S.W.2d 410 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . .12

*King v. State*,
     953 S.W.2d 266 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . .12

*Kotteakos v. United States*,
     328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). . . .12-13, 14, 15

*Lavoie v. State*,
     02-14-00333-CR, 2015 WL (Tex. App.–
          Fort Worth, August 28, 2015, no. pet. h.)
               (mem. op., not designated for publication). . . . 2, 7

*Martin v. State*,
     173 S.W.3d 463 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . .8, 10, 11

*Montgomery v. State*,
     810 S.W.2d 372 (Tex. Crim. App. 1990). . . . . . . . . . . . .8, 9, 10, 11

*Motilla v. State*,
     78 S.W.3d 352 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . .13, 15

*O'Neal v. McAninch*,
     513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). . . . . . . 13, 15

*Sewell v. State,*
629 S.W.2d 42 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . . . . . .7

*Webb v. State,*
36 S.W.3d 164 (Tex. App.-
Houston [14th Dist.] 2000, pet. ref'd). . . . . . . . . . . . .13, 15

*Winegarner v. State,*
235 S.W.3d 787 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . .7

*Wyatt v. State,*
23 S.W.3d 18 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . .10, 11, 12

**Statutes**

TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). . . . . . . . . . . . . . . . .1

**Court Rules**

TEX. R. APP. P. 44.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

TEX. R. APP. P. 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

TEX. R. EVID. 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 11

TEX. R. EVID. 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On October 27, 2011, Michael Paul Lavoie ("Mr. Lavoie" or "Appellant") was charged by indictment with five counts of aggravated robbery with a deadly weapon.[1] (C.R. 6-7); *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). On August 11, 12, 13 & 14, 2014, a jury trial was held in the 213th Criminal District Court of Tarrant County, the Honorable Louis Sturns, presiding. (II, III, IV, V & VI R.R. *passim*). The jury found Mr. Lavoie guilty of all four counts as charged in the indictment. (VI R.R. 28). Punishment was to the trial court, which sentenced Mr. Lavoie to four life sentences in the Texas Department of Criminal Justice. (VI R.R. 235). A timely Motion for New Trial was filed on August 29, 2014, which was overruled by operation of law. (C.R. 158). A Timely Notice of Appeal was filed on August 14, 2014. (C.R. 152).

---

[1] The state waived the fifth count prior to trial. (III R.R. 7).

1

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Second Court of Appeals affirming Mr. Lavoie's judgment was handed down on August 28, 2015. *See Lavoie v. State*, 02-14-00333-CR, 2015 WL (Tex. App.–Fort Worth, August 28, 2015, no. pet. h.) (mem. op., not designated for publication). This Petition for Discretionary review is therefore timely.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

I.     **The Court of Appeals erred when it affirmed the trial court's denial of Appellant's 404(b) objection to extraneous offense evidence.**

## REASONS FOR REVIEW

1.     The Second Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

2.     The decision of the Second Court of Appeals is in conflict with another court of appeals' decision on the same issue.

2

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I. **The Court of Appeals erred when it affirmed the trial court's denial of Appellant's 404(b) objection to extraneous offense evidence.**

A. *Facts*

At trial, Mr. Lavoie did not dispute the fact that he committed the charged offenses. (IV R.R. 23). Rather, Mr. Lavoie's entire trial strategy was to only contest the deadly weapon (firearm) allegation. (IV R.R. 23-25). The state presented evidence that Mr. Lavoie had robbed a Papa John's pizza store in Tarrant County on February 8, 2011. (V R.R. 52, 55, 56). In fact, Mr. Lavoie confessed to the robbery as soon as he was apprehended, though he admitted only to using a non-operative BB gun in the robbery. (V R.R. 24, 27, 55, 56, 76). At trial, the state presented the testimony of Papa John's employees who were present at the robbery.

Brittany Jones testified that she was not sure whether the object in the robber's hand was a real gun or not. (IV R.R. 46). She further testified that the robber did not make any motions with the alleged gun, point it at her, or make any direct threats against anyone. (IV R.R. 41, 44).

3

Mark Roman testified that the robber didn't point the gun at him, make any sort of threats, and that he wasn't really afraid at the time. (IV R.R. 61-62). Roman further testified that what he saw could possibly have been a toy or BB gun. (IV R.R. 63-64).

Richard Smitherman–the manager at Papa John's and the person who was closest to the robber–testified that he questioned the gun's authenticity and didn't know if it was even real or not. (IV R.R. 71, 86, 99). Smitherman further testified that the robber never pointed the gun directly at him, or made any imminent threats of harm. (IV R.R. 85, 89). Finally, Smitherman admitted that he couldn't even tell what the robber had in his hand, or whether it was a toy, water, or BB gun, and that he entertained doubts that it was real. (IV R.R. 100, 103-04, 105).

Cristian Aguilara, a delivery driver for Papa John's who happened to be in the store at the time of the robbery, testified that his mind didn't process to question whether it was a real gun. (IV R.R. 115, 116).

Arguing that the authenticity of the alleged gun was at issue, the state then sought to present evidence of previous, similar robberies committed by Lavoie in Johnson County for which he had already been

convicted. (V R.R. 79-80). At the hearing outside the presence of the jury, the state presented that there was a witness from the prior Johnson County robbery who was familiar with firearms and who could testify unequivocally that Lavoie had used a real firearm in that Johnson County robbery. (V R.R. 80). The defense objected on relevance, character conformity and unfairly prejudicial grounds at the hearing and by pretrial motion. (V R.R. 85-86 ; C.R. 37). The trial court overruled the objections and allowed the extraneous offense testimony. (V R.R. 88).

The state then presented the testimony of Patricia Jones, who testified that she was present at the Johnson County robbery which occurred on December 17, 2010 (approximately seven weeks prior to the instant offense); that she was very familiar with firearms since her former husband had been a gunsmith; and that she was positive that Mr. Lavoie had used a real firearm in the prior robbery. (V R.R. 89-95, 107). Patricia Jones went so far as to opine that the weapon Mr. Lavoie had used in the Johnson County robbery was a Beretta. (V R.R. 95, 104).

After the state rested and prior to the start of Mr. Lavoie's defense, it requested a hearing outside the presence of the jury on the

5

qualifications of Mr. Lavoie's firearms expert, Kristian Jara. (V R.R. 126). Testimony revealed that Mr. Jara had been in the United States Air Force for over seven years, where he had been extensively trained on various weapons, including handguns. (V R.R. 128). It was further elicited that he had carried a sidearm every day as part of his duties as a security forces officer while in the Air Force, and had further been trained in basic police practices in the Air Force. (V R.R. 127). Mr. Jara further testified that he had particular knowledge of Beretta firearms, (V R.R. 131, 135), and that he currently owned and operated a corporate security consulting investigative company and possessed a concealed handgun license. (V R.R. 126, 129). The trial court denied Mr. Jara to testify as an expert. (V R.R. 139). Mr. Lavoie thereupon rested without putting on any evidence. (V R.R. 139).

The jury convicted Mr. Lavoie of four counts of aggravated robbery. (VI R.R. 28). Punishment was to the trial court, which sentenced Mr. Lavoie to four life sentences in the Texas Department of Criminal Justice. (VI R.R. 235).

**B.** *The Opinion Below*

The Second Court of Appeals correctly held that Mr. Lavoie

6

preserved his Rule 404(b) objection to the testimony of Patricia Jones in which she described the Johnson County robbery. *See Lavoie*, 2015 WL at *2. However, the court then went on to hold that the trial court did not abuse its discretion in admitting the objectionable testimony. *Id*. at *7.

## C.    *Standard of Review*

An appellate court must review a trial court's ruling on admissibility of extraneous offenses under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). A trial court's ruling on evidentiary matters will not be reversed unless the decision was outside the zone of reasonable disagreement. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). If the trial court's ruling can be justified on any theory of law applicable to that ruling, the ruling will not be disturbed. *De La Paz*, 279 S.W.3d at 345 (citing *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982) ("When a trial court's ruling on the admission of evidence is correct, although giving a wrong or insufficient reason, this Court will not reverse if the evidence is admissible for any reason.")).

## D.    *Applicable Law*

Relevant evidence of the defendant's bad character is generally

not admissible in order to show that he acted in conformity with that bad character. TEX. R. EVID. 404(b).[2] However, evidence of an extraneous offense may be admissible under Rule 404(b) to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id*. Extraneous-offense evidence is also admissible when it is offered to rebut a defense issue that negates one of the elements of the crime charged. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). To be admissible on this basis, the evidence must logically serve to make more or less probable (1) an elemental fact, or (2) defensive evidence that undermines an elemental fact. *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005) (citing *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990)).

If the trial court determines that the evidence of an extraneous offense has relevance apart from character conformity, the court should

---

[2] Rule 404(b) reads:

(b) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction. TEX. R. EVID. 404(b).

admit the evidence absent the opponent's further objection on prejudicial grounds under Rule 403. TEX. R. EVID. 403;[3] *Montgomery*, 810 S.W.2d at 389. If this objection is made, the trial court must weigh the probativeness of the evidence against its potential for unfair prejudice, that is, the tendency of the evidence to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. *Id*. In balancing the probative value of the evidence against the danger of unfair prejudice from the admission of the evidence, the trial court considers the following factors:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable — a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during

---

[3] Rule 403 of the Texas Rules of Evidence reads:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403.

which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute. *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) (citing *Montgomery*, 810 S.W.2d at 389–90).

### E.    *Discussion*

The extraneous-offense evidence was argued by the state to be admissible to rebut Mr. Lavoie's defensive theory here that the object was not an actual firearm. *Martin*, 173 S.W.3d at 466 (citing *Montgomery*, 810 S.W.2d at 387). However, the evidence completely fails to prove anything in reference to the Papa John's robber at issue here, and instead only shows that at least one witness to the Johnson County robbery believed that Mr. Lavoie had carried a firearm during a robbery some seven weeks prior. The evidence merely seeks to convict Mr. Lavoie based on character conformity evidence, and whether Mr. Lavoie carried a firearm or not at a robbery seven weeks prior to the instant offense serves to rebut nothing in reference to the instant offense. However, it does allow the state to inform the jury that Mr.

10

Lavoie had committed a robbery seven weeks prior to the Papa John's robbery. As the facts of the Johnson County robbery fail to rebut a defensive theory, or make an elemental fact more or less probable, the extraneous-offense evidence should not have been admitted by the trial court. *See* TEX. R. EVID. 404(b); *see also Martin*, 173 S.W.3d at 466; *Montgomery*, 810 S.W.2d at 387.

Additionally, the evidence was not admissible under Rule 403, *See* TEX. R. EVID. 403, as it was more prejudicial than probative. First, the extraneous-offense evidence provided by Patricia Jones was powerful, direct, and unequivocal that Mr. Lavoie had used an actual firearm in the Johnson County robbery.[4] *See Wyatt*, 23 S.W.3d at 26. Second, the similarity of the extraneous offense would necessarily impress the jury "in some irrational but nevertheless indelible way" that Mr. Lavoie was a criminal generally. *See id*. Third, the evidence of the extraneous offense consumed nearly thirty pages of transcript and was the last evidence that the jury heard; thus it had a disproportionate impact in the minds of the jury and served to distract it from the charged offenses. *See id.* Finally, the evidence was not critical to the

---

[4] As discussed below however, this fact exacerbates the trial court's error in denying Mr. Lavoie's controverting expert testimony.

state. There were four eyewitnesses to the robbery who each testified that Mr. Lavoie carried a firearm during the robbery. *Id.* Thus, the extraneous-offense evidence was more prejudicial than probative–especially since it was probative of nothing more than the fact that Mr. Lavoie was a criminal generally–and the trial court abused its discretion in admitting it. *Id.*

**F.  *Harm Analysis***

Once this Court determines that the trial court abused its discretion in admitting evidence of the Johnson County offense because the danger of unfair prejudice to Mr. Lavoie substantially outweighed the probative value of the evidence, the Court must determine whether he was harmed by the error. *See* TEX. R. APP. P. 44.2. Error under the rules of evidence in the admission of evidence normally constitutes nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). A reviewing court is to disregard a nonconstitutional error that does not affect the substantial rights of the defendant. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed.

12

1557 (1946)). In *Kotteakos*, the United States Supreme Court explained:

> [I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

328 U.S. at 765, 66 S.Ct. at 1248 (emphasis added); *see Motilla v. State*, 78 S.W.3d 352, 355–58 (Tex. Crim. App. 2002); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). The Supreme Court has defined "grave doubt" to mean "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S. 432, 435, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995); *Webb v. State*, 36 S.W.3d 164, 182–83 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). If the reviewing court is unsure whether the error affected the outcome, the court should treat the error as harmful, i.e., as having a substantial and injurious effect or influence in determining the jury's verdict. *O'Neal*, 513 U.S. at 435, 115 S.Ct. at 994; *Webb*, 36 S.W.3d at 182–83.

The defendant is not required to prove harm from an error. *Johnson*, 43 S.W.3d at 4. Indeed, there ordinarily is no way to prove

13

"actual" harm. *Id.* It is instead the duty of the reviewing court to assess harm from the context of the error. *Id.* Thus, the proper inquiry is whether the trial court's error in allowing the State to prove up the Johnson County extraneous offense substantially swayed or influenced the jury's verdict, or whether this Court is left in grave doubt as to whether this extraneous offense evidence substantially swayed or influenced the jury's verdict. *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248; *Johnson*, 43 S.W.3d at 4. In making this determination, this Court must consider the trial court's erroneous admission of the extraneous offense in the context of the entire record and not just whether there was sufficient or overwhelming evidence of the defendant's guilt. *Motilla*, 78 S.W.3d at 355–56.

Again, the only question at issue here was whether the object wielded by Mr. Lavoie during the robbery was an actual firearm or a toy. To that end, the state elicited testimony from every eyewitness to the robbery, none of whom were able to definitively state that the object was unquestionably a firearm. At the close of the last eyewitness, the issue was still very much in doubt. However, by allowing the inherently inflammatory character evidence to be admitted, the jury was in effect asked to convict Mr. Lavoie of using a firearm in the Papa

14

John's robbery because a witness testified assuredly that she thought he had used a firearm some seven weeks prior. The jury was allowed to hear that Mr. Lavoie had committed a prior robbery, and that he was therefore a common criminal. The jury deliberated a little more than 45 minutes before coming back with the guilty verdict.[5] An objective reading of the eyewitness testimony from the charged offense does not support the paucity of time the jury spent on deliberations in this case. The reasonable explanation is that the extraneous-offense evidence served to settle the question in the minds of the jury the inquiry of whether the object was a real gun or not. At the very least, the court of appeals should have been unsure whether the error affected the outcome here. *See O'Neal*, 513 U.S. at 435, 115 S.Ct. at 994; *Webb*, 36 S.W.3d at 182–83. The trial court's error was harmful. *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248, *Motilla*, 78 S.W.3d at 355–58; *Johnson*, 43 S.W.3d at 4.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow

---

[5] Compare VI R.R. 27 (jury deliberations begin at 10:02) and C.R. 151 (jury verdict form filed at 10:50).

15

each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

/s/Kimberley Campbell
Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Micheal Paul Lavoie

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 3,386.

/s/Kimberley Campbell
Kimberley Campbell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 1st day of September , 2015.

/s/Kimberley Campbell
Kimberley Campbell

## APPENDIX

1.  Opinion of the Second Court of Appeals.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00333-CR

MICHAEL PAUL LAVOIE                                             APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1251622D

----------

## MEMORANDUM OPINION[1]

----------

In two points, appellant Michael Paul Lavoie appeals his convictions for four counts of aggravated robbery with a deadly weapon.[2]  Appellant asserts that the trial court erred by admitting evidence of an extraneous offense and by excluding testimony from his proffered expert witness.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

## Background Facts

One evening in the winter of 2011, after standing near a Papa John's restaurant while talking on his phone, appellant walked into the restaurant, entered an area behind the register reserved for employees, and ordered the employees to lie face down on the floor in the back of the restaurant. In his right hand, appellant carried what looked like a gun.[3] While keeping the gun at his side, appellant stole money from a cash register, took the employees' wallets, told an employee to open the restaurant's safe,[4] instructed the employees to remain on the floor for ten minutes, and left the restaurant. Disregarding appellant's instruction, the restaurant's manager stood up and called the police. Appellant later told the police about his involvement in the incident.

A grand jury indicted appellant with five counts of aggravated robbery with a deadly weapon. Appellant's indictment included a paragraph alleging that he had been previously convicted of aggravated robbery with a deadly weapon. Appellant filed several pretrial motions, including a motion seeking the exclusion of evidence of extraneous offenses; chose the trial court to assess his punishment if he was convicted; and pled not guilty to the first four counts of the indictment. The State waived the fifth count.

---

[3]Two employees testified that they had believed the gun was real because unlike toy guns, it did not have an orange tip on the barrel.

[4]The employee could not do so because the safe had a time-delay feature.

After receiving the parties' evidence and arguments, a jury found appellant guilty of all four counts of aggravated robbery with a deadly weapon. The trial court heard evidence concerning appellant's punishment[5] and sentenced him to confinement for life for each count with the sentences running concurrently. Appellant brought this appeal.

**Admission of Extraneous-Offense Testimony**

In appellant's first point, he argues that the trial court erred by admitting evidence of an extraneous offense. Specifically, he argues that this evidence was inadmissible under rules of evidence 403 and 404(b). *See* Tex. R. Evid. 403, 404(b).

We review a trial court's decision to admit evidence for an abuse of discretion. *Whitemon v. State*, 460 S.W.3d 170, 179 (Tex. App.—Fort Worth 2015, pet. ref'd). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Id.* We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1024 (2006); *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

At trial, appellant conceded that he had been involved in the incident at Papa John's, but he contended that he had not used a deadly weapon. Rather,

---

[5]Appellant pled true to the repeat offender paragraph of the indictment.

3

appellant argued that he had used only a non-operative BB gun. He questioned the State's principal witnesses—the restaurant's employees—about whether they were certain that they had seen a real gun.

Outside the presence of the jury, the State proposed to present testimony from the victim of a robbery committed by appellant at another restaurant less than two months before the incident at Papa John's. The State represented that this witness would testify that appellant used a real gun in that robbery. The State argued that this witness's testimony, although admittedly concerning an extraneous offense, was admissible to rebut appellant's defensive theory that the gun used in the Papa John's incident was not real. Appellant objected to the testimony on the ground that he had not created any issue concerning identity or modus operandi and that the testimony would only "bolster testimony from other witnesses who clearly indicated that they didn't feel this was a real weapon." The trial court overruled appellant's objection and admitted the testimony.

In front of the jury, the witness testified that one evening in December 2010, after waiting in a restaurant while talking on a cell phone, appellant placed a gun against her back, led her to an office area, ordered her and other employees to sit on the floor, told one of the employees to open a safe, and eventually left after telling the employees to not get up for five minutes. The witness testified that she had been married to a gunsmith, that she had helped her husband repair guns, that she had been around guns all of her life, and that the gun appellant used in that offense was real. The witness explained that she

4

could discern that the gun was real because it shined when appellant carried it, it had a large barrel, it had a clip, it felt heavy when appellant placed it against her back, and it "wasn't plastic looking."

**Rule 403 complaint**

Under rule of evidence 403, a trial court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Tex. R. Evid. 403. Appellant complains that the evidence concerning the previous robbery that he committed was inadmissible because it was unfairly prejudicial under rule 403. The State argues that we need not address the substance of appellant's rule 403 complaint because he did not make a rule 403 objection at trial and therefore did not preserve such a complaint for appeal.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1)(A); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 305 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. A reviewing court should not address the merits of a point that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

5

At trial, appellant did not make an objection to the extraneous-offense evidence on the basis that it was unfairly prejudicial, nor did he explicitly cite rule 403 as a ground for his objection.[6] Thus, we hold that appellant did not preserve the rule 403 objection for our review, and we overrule that part of his first point. *See* Tex. R. App. P. 33.1(a)(1); *Everitt*, 407 S.W.3d at 262–63; *see also Hailey v. State*, 413 S.W.3d 457, 465 n.2 (Tex. App.—Fort Worth 2012, pet. ref'd) ("Appellant did not object at trial that the evidence was substantially more prejudicial than probative. Thus, to the extent he attempts to raise a rule 403 complaint on appeal, he failed to preserve that portion of his complaint for appellate review." (citation omitted)); *Reyna v. State*, 99 S.W.3d 344, 348 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that a general objection did not preserve a rule 403 complaint for appellate review).

---

[6]In appellant's pretrial motion *in limine*, he contended that the trial court should determine, with regard to any extraneous offense, whether the "probative value of the evidence is outweighed by [the] danger of unfair prejudice." But a motion *in limine* is "a preliminary matter and normally preserves nothing for appellate review. For error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is raised during trial." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (footnote omitted), *cert. denied*, 555 U.S. 1105 (2009); *see Swilley v. State*, No. 02-13-00569-CR, 2015 WL 3637850, at *5 (Tex. App.—Fort Worth June 11, 2015, no pet.) ("[G]enerally the granting or denial of a motion in limine is a preliminary ruling only and preserves nothing for appellate review."); *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd) ("It is axiomatic that motions in limine do not preserve error.").

**Rule 404(b) objection**

Under rule 404(b), evidence of crimes or wrongs committed by the defendant that are extraneous to the charges at issue are not admissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Tex. R. Evid. 404(b)(1); *Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008) ("The general rule is that the defendant is to be tried only for the offense charged, not for any other crimes or for being a criminal generally."), *cert. denied*, 558 U.S. 828 (2009).  But such evidence may be admissible for other purposes, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Tex. R. Evid. 404(b)(2); *see Segundo*, 270 S.W.3d at 87 (explaining that "evidence of extraneous acts of misconduct may be admissible if . . . the uncharged act is relevant to a material issue in the case"); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) (explaining that evidence of an extraneous offense may be admissible when it is relevant to a "noncharacter conformity fact of consequence in the case, such as rebutting a defensive theory").  Appellant contends that testimony about the prior robbery was inadmissible as "character conformity evidence" under rule 404(b).

The State argues that appellant failed to preserve his rule 404(b) argument for appeal.  But considering the context of the record, in which the State conceded that it was asking to present evidence of an extraneous offense, we conclude that appellant preserved the rule 404(b) complaint when he objected to

7

the testimony described above on the grounds that no issue of identity or modus operandi was in question and that the State's offer of the testimony was simply an attempt to bolster existing evidence. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 404(b)(2) (explaining that evidence of an extraneous offense "may be admissible [to show] . . . *identity*" (emphasis added)); *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996) ("Where the record makes clear that the trial court understood an objection and its legal basis, a trial court's ruling on that objection will be preserved for appeal, despite an appellant's failure to clearly articulate the objection."); *see also Casey v. State*, 215 S.W.3d 870, 881 (Tex. Crim. App. 2007) (acknowledging that there is a "*modus operandi* theory of admissibility under Rule 404(b)"); *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004) (explaining that if the issue of a defendant's identity is raised, rule 404(b) permits introduction of extraneous offense evidence relevant to the identity issue).

We cannot conclude, however, that the trial court abused its discretion by admitting the evidence of the prior robbery over appellant's rule 404(b) objection. Evidence of an extraneous offense may be admissible to rebut a defensive theory on an elemental fact. *Powell*, 63 S.W.3d at 438. In *Powell*, during a trial for indecency with a child, the State presented evidence that Powell had sexually molested the victim—a young female—on numerous occasions in his living room while other people were sleeping in the room. 63 S.W.3d at 436. Powell contended in his opening statement and through cross-examination of the victim

that he could not have had the opportunity to molest the victim with others present in the same room. *Id.* at 436–37. In response, the State offered extraneous offense evidence from several witnesses who testified that appellant had molested them under circumstances similar to those the victim had described. *Id.* at 437. The court of criminal appeals held that the trial court had not abused its discretion by admitting evidence of the extraneous crimes because the evidence rebutted Powell's defensive theory "that he had no opportunity to commit the offense because he was never alone" with the victim. *Id.* at 438.

Analogous to *Powell*, Texas courts have held that when a defendant claims that he did not use a real gun while committing an offense, the State may present evidence that the defendant used a real gun in a similar offense or previously had access to a real gun. *See Owens v. State*, No. 14-11-01059-CR, 2012 WL 3292962, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2012, pet. ref'd) (mem. op., not designated for publication) (concluding that when the defendant's theories were that he had not used a real firearm during a robbery but only a BB gun and that he could not have had access to a real gun because he was a felon and barred from buying one, the State could present evidence that appellant had used a real gun in a similar robbery two years earlier); *Diaz v. State*, No. 01-96-01070-CR, 1998 WL 93038, at *1, *3–4 (Tex. App.—Houston [1st Dist.] Mar. 5, 1998, pet. ref'd) (not designated for publication) (concluding that in an aggravated robbery case, testimony that the defendant displayed a real

gun in a similar robbery weeks after the charged offense tended to "rebut the defensive theory that the gun was not real and [tended] to prove a material fact in the State's case"); *see also Nevarez v. State*, 503 S.W.2d 767, 769 (Tex. Crim. App. 1974) (concluding that when a defendant was charged with unlawfully carrying a gun in a lounge where alcohol was served and theorized that the gun was not real, the State was permitted to introduce evidence that shortly after he left the lounge, "a shot was heard and bullet holes were found in the window and the wall of the lounge").

Here, the trial court could have reasonably ruled that evidence of the prior, remarkably similar robbery in which appellant used a real gun was admissible to rebut his defensive theory that he used a non-operative BB gun during the robbery at Papa John's. Whether the gun was real was, of course, material and elemental because the State had to prove that appellant used a deadly weapon to obtain a conviction for aggravated robbery.[7] *See* Tex. Penal Code Ann. § 29.03(a)(2).

Under the authority cited above, it is at least subject to reasonable disagreement whether the testimony about appellant's extraneous offense was admissible for the noncharacter-conformity purpose of rebutting appellant's contention that he used a fake gun during the incident at Papa John's. *See*

_____

[7]Appellant states on appeal that the "only contested issue in [his] trial was whether the object carried by [appellant] in the robbery was really a firearm or a toy BB gun."

10

*Powell*, 63 S.W.3d at 438; *Nevarez*, 503 S.W.2d at 769; *Owens*, 2012 WL 3292962, at *1–2; *see also De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (explaining that rule 404(b) "excludes only that evidence that is offered (or will be used) *solely* for the purpose of proving bad character and hence conduct in conformity with that bad character" (emphasis added)). Thus, we hold that the trial court did not abuse its discretion by admitting the testimony, and we overrule the remainder of appellant's first point. *See Whitemon*, 460 S.W.3d at 179.

## Exclusion of Expert Testimony

In his second point, appellant complains that the trial court abused its discretion by not allowing his proffered expert witness, Kristian Jara, to testify. After the State rested, outside of the jury's presence, appellant called Jara, who testified that he is a private security sales consultant and a private investigator, that he was an officer in the Air Force for several years, that he had received basic police training and weapons training (including shooting and cleaning them), that he has a concealed handgun license, that he owns three firearms, that he had "much training in the care and appearance of weapons," that he could describe the difference between a "shiny weapon and a matte weapon," and that he could also discern the difference between a real gun and a fake gun. On cross-examination by the State outside of the jury's presence, Jara conceded that he had not witnessed the incident at Papa John's, did not know appellant, and had not examined any firearms related to appellant's case. After hearing

11

Jara's testimony, the trial court ruled that he would not be able to testify as an expert witness, and appellant rested as to guilt-innocence without calling any witnesses.

Although appellant complains on appeal that the trial court erred by excluding Jara's testimony, we conclude that appellant did not preserve this complaint for our review. To preserve error related to the exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2); *Bundy v. State*, 280 S.W.3d 425, 428 (Tex. App.— Fort Worth 2009, pet. ref'd). Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel. Tex. R. Evid. 103(a)(2); *Bundy*, 280 S.W.3d at 429. Counsel's concise statement must include a summary of the evidence offered. *Bundy*, 280 S.W.3d at 429. Error is not preserved if the offer of proof is inadequate. *Id.*; *see also Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (holding that error was not preserved when appellant failed to proffer, with "some degree of specificity," the substantive evidence he intended to present).

Here, appellant did not establish, through questions of Jara or through any statement by counsel, the content of Jara's proposed testimony. Instead, appellant elicited evidence only as to Jara's qualifications and the general topics (but not the specific opinions) of his proposed expert testimony, which is insufficient to preserve error. *See* Tex. R. Evid. 103(a)(2); *Bundy*, 280 S.W.3d at

12

429; *see also Mays*, 285 S.W.3d at 890; *Solley v. State*, No. 14-07-00803-CR, 2009 WL 396268, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, pet. ref'd) (mem. op., not designated for publication) ("We hold that counsel's identification of the mere *topics* of the expert's likely testimony does not qualify as a 'reasonably specific summary' of the evidence."). We are not at liberty to judge the propriety or the potential harm of the trial court's evidentiary ruling without knowing the content of the potential testimony. *See Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 866 (1985); *see also Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009) ("The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful."); *Dozal v. State*, No. 02-13-00478-CR, 2015 WL 120491, at *3 (Tex. App.—Fort Worth Jan. 8, 2015, no pet.) (mem. op., not designated for publication) ("[T]he record does not disclose what Martin's answer to appellant's question about her previous confinement would have been, nor does the context of the question disclose the answer. Thus, we conclude that appellant failed to preserve error as to this point, and we overrule it."); *Alberts v. State*, 302 S.W.3d 495, 509–10 (Tex. App.—Texarkana 2009, no pet.) (holding that error was not preserved when the defendant elicited testimony about an expert's qualifications but did not elicit testimony about the substance of the expert's opinion). Because we conclude that appellant failed to preserve a complaint about the exclusion of Jara's testimony by not establishing what the substance of that testimony would have been, we overrule his second point.

13

**Conclusion**

Having overruled both of appellant's points, we affirm the trial court's judgments.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J. GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2015

14