# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00063-CR

**Eugene Raymond Barrett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR01161, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Eugene Raymond Barrett of one count of continuous sexual abuse of a young child and six counts of aggravated sexual assault of a disabled individual, and assessed punishment at 25 years' imprisonment for each count. The district court rendered judgment on the verdicts and imposed sentences (with some running consecutively, others concurrently) extending a total of 75 years in duration. In three points of error on appeal, Barrett asserts that the district court: (1) violated his right to confront the witnesses against him when it excluded evidence related to prior allegations of abuse by the complainant; (2) abused its discretion when it allowed an expert witness to offer a direct opinion on the truthfulness of the complainant; and (3) violated his right to present a complete defense when it excluded testimony that, Barrett claims, would have established that he was physically incapable of committing the alleged offenses. We will affirm the judgments of conviction.

**BACKGROUND**

The issues presented in this appeal do not require a detailed recitation of the underlying facts. Briefly, Barrett's charges alleged that he had sexually abused and assaulted his granddaughter—identified throughout the proceedings by the pseudonym "Johnson City Jane Doe"—over an extended period of time. According to the evidence presented at trial, Doe was intellectually disabled and, although she was 18 years old at the time of trial, had the cognitive abilities of a ten-year-old child. Doe testified at trial, and indicated that on multiple occasions, Barrett had penetrated her sexual organ with his sexual organ, made her touch his sexual organ with her hands and mouth, and touched her sexual organ with his hands and mouth. Other evidence considered by the jury, which we discuss in more detail below as it is relevant to Barrett's points of error on appeal, included the testimony of Laura Jenkins, Doe's teacher at school and the person to whom Doe had first reported the alleged abuse giving rise to these charges; Mike Betancourt, a forensic interviewer who had examined and interviewed Doe after she made this outcry; Gregory Hupp, a licensed psychologist who had performed a psychological evaluation on Doe; and Delanie Smith, Barrett's daughter. Based on this and other evidence, the jury found Barrett guilty of the charged offenses and assessed punishment as noted above. The district court rendered judgment on the jury's verdicts and imposed sentence as indicated. This appeal followed.

**ANALYSIS**

**Prior abuse allegations**

During trial, Barrett sought to admit evidence tending to show that Doe had made allegations of sexual abuse against him in 2007 that the State had declined to prosecute. The

district court excluded the evidence and did not allow Barrett to cross-examine the complainant or other witnesses concerning the 2007 allegations. In his first point of error, Barrett asserts that the exclusion of this evidence violated his constitutional right to confront the witnesses against him.[1]

We review a trial court's ruling on the admission or exclusion of evidence for abuse of discretion.[2] A trial court abuses its discretion by excluding evidence only if its decision "lies outside the zone of reasonable disagreement."[3] We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement.[4] If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of law applicable to that ruling, we will uphold the decision.[5]

"The Sixth Amendment right to confront witnesses includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias, self-interest, or motives in testifying."[6] "This right is not unqualified, however; the trial judge has wide discretion

---

[1] *See* U.S. Const. amend. VI; *Davis v. Alaska*, 415 U.S. 308, 316 (1974); *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009).

[2] *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011).

[3] *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

[4] *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

[5] *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

[6] *Hammer*, 296 S.W.3d at 561 (citing *Davis*, 415 U.S. at 316).

in limiting the scope and extent of cross-examination."[7]  Generally, the trial court does not abuse its discretion when it limits the defendant's right to cross-examine witnesses pursuant to state evidentiary rules.[8]  Moreover, "as the Supreme Court noted in *Davis v. Alaska*, there is an important distinction between an attack on the general credibility of a witness and a more particular attack on credibility that reveals 'possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.'"[9]  The Supreme Court has "neither held nor suggested that the Constitution confers a right to impeach the general credibility of a witness through otherwise prohibited modes of cross-examination."[10]  The defendant's constitutional right of confrontation is violated only "if the state evidentiary rule would prohibit him from cross-examining a witness concerning possible motives, bias, and prejudice to such an extent that he could not present a vital defensive theory."[11]

The state evidentiary rule at issue here is Rule 608(b),which provides that "a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness."[12]  "Texas, unlike some jurisdictions, has not created a per se exception to Rule 608(b)'s general prohibition against

---

[7] *Id*. (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

[8] *Id*.

[9] *Id*. at 562 (quoting *Davis*, 415 U.S. at 316).

[10] *Id*. (citing *Davis*, 415 U.S. at 321 (Stewart, J., concurring)).

[11] *Id*. at 562-63 (citing *Potier v. State*, 68 S.W.3d 657, 663-65 (Tex. Crim. App. 2002); *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002)).

[12] Tex. R. Evid. 608(b).

4

impeachment with specific instances of conduct to admit evidence of the complainant's prior false allegations of abuse or molestation."[13] This is because "[a] criminal trial [] is designed to find the truth about a specific incident, not to decide whether someone has lied in the past . . . about being raped."[14] "Prior false allegations of rape do not tend to prove or disprove any of the elements of the charged sexual offense."[15] "If, however, the cross-examiner offers evidence of a prior false accusation of sexual activity for some purpose other than a propensity attack upon the witness's general character for truthfulness, it may well be admissible under our state evidentiary rules."[16] For example, "[e]vidence of other acts or wrongs may be admissible under Rule 404(b) to prove such matters as motive, intent, scheme, or any other relevant purpose except conduct in conformity with bad character."[17] "Similarly, evidence of a victim's prior sexual activity may be admissible under Rule 412, the Texas Rape Shield Law, when offered to establish the victim's motive or bias against the defendant."[18]

In this case, the evidence proffered by Barrett was an investigation report that had been completed by the Johnson City Police Department in 2007 following an outcry of sexual abuse made by Doe against her stepbrother, 14-year-old J.J. The report included a summary of Doe's

---

[13] *Hammer*, 296 S.W.3d at 564 (citing *Lopez v. State*, 18 S.W.3d 220, 223, 225 (Tex. Crim. App. 2000)).

[14] *Id*.

[15] *Id*.

[16] *Id*. at 565.

[17] *Id*. (citing Tex. R. Evid. 404(b)).

[18] *Id*. (citing Tex. R. Evid. 412).

interview at the Hill Country Children's Advocacy Center. During the course of the interview, in which Doe detailed the alleged sexual abuse committed against her by J.J., Doe also referred briefly to alleged sexual abuse committed against her by Barrett. During a subsequent interview, Doe recanted the allegations against her stepbrother and the investigation was closed by the police as "unable to determine" due to lack of evidence. There is no indication in the report that Barrett was ever a focus of the investigation.

Barrett asserts that evidence relating to the 2007 allegations was admissible to show Doe's motive or bias against Barrett and was admissible pursuant to either Rule 404(b) or Rule 412. However, both of those rules require the trial court to balance the probative value of the evidence against its prejudicial effect.[19] Here, it would not be outside the zone of reasonable disagreement for the district court to conclude that the probative value of evidence relating to the 2007 allegations was substantially outweighed by the danger of unfair prejudice. First, the investigation report reflects that the 2007 allegations were directed primarily against Doe's stepbrother, not Barrett. Although Doe, in her initial interview summarized above, had briefly described sexual abuse committed by Barrett, the focus of the 2007 criminal investigation was always on Doe's stepbrother. In a hearing outside the presence of the jury, the State made a proffer that the CPS worker who had

---

[19] *See* Tex. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."), 412(b)(3) ("Evidence of specific instances of a victim's past sexual behavior is admissible if . . . the probative value of the evidence outweighs the danger of unfair prejudice."); *De La Paz*, 279 S.W.3d at 344 (explaining that trial court's ruling admitting extraneous-offense evidence pursuant to Rule 404(b) is within the zone of reasonable disagreement "if the evidence shows that 1) an extraneous transaction is relevant to a material, non-propensity issue, and 2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury").

interviewed Doe would testify that Barrett "was not investigated by CPS, or law enforcement" in 2007 and that "she never asked Johnson City Jane Doe about Mr. Barrett, the Defendant in this cause." Moreover, contrary to Barrett's claims, Doe's 2007 allegations were never proven to be "false." Rather, they were classified by the investigating officer as "unable to determine" because the police did "not have enough [evidence] to pursue charges." Also, although the evidence indicates that Doe had recanted her allegations against her stepbrother, there is no indication that she recanted the allegations against Barrett. According to the State in its proffer, the CPS worker who had interviewed Doe would testify that "Johnson City Jane Doe never told her . . . that she had made up, that nothing had ever happened, or in any way recanted any allegation against this Defendant." Because the evidence related primarily to allegations against Doe's stepbrother and did not have a tendency to show that the prior allegations against Barrett were false, the district court could have reasonably concluded that the probative value of the evidence was low. On the other hand, the district court could have reasonably concluded that the danger of unfair prejudice, confusing the issues, misleading the jury, or undue delay was high. Essentially, the 2007 allegations involved a different alleged perpetrator (a minor at the time), different alleged conduct (that was never proven one way or the other), and a different investigation (that had been completed over six years prior to Barrett's trial). Thus, the district court could have reasonably found that if the evidence was admitted, several additional witnesses might have to testify regarding the 2007 allegations, based on their recollection of events that had occurred years earlier, and that presenting this additional evidence would cause an undue delay in Barrett's trial and carry a high risk of misleading the jury and confusing the issues in the present case with the separate issues in the 2007 investigation. On

7

this record, we cannot conclude that the district court abused its discretion in excluding the evidence related to the 2007 allegations.[20] We overrule Barrett's first point of error.

**Complainant's truthfulness**

During the testimony of Gregory Hupp, the psychologist who had evaluated Doe, Hupp was asked by the State whether Doe has "the cognitive ability to make up statements for the purpose of, let's say, manipulating someone or gaining attention?" Over a "speculation" objection by Barrett, Hupp testified, "She would have the ability to say something so that maybe she could get that ice cream cone after school. In terms of long range planning and conceptualization, no, she does not have that ability." In his second point of error, Barrett asserts that the district court abused its discretion in admitting this evidence, which Barrett contends constitutes a direct opinion on the truthfulness of Doe.[21]

---

[20] *See Lopez*, 18 S.W.3d at 225-56. We note that this case is distinguishable from *Hammer v. State*, 296 S.W.3d 555 (Tex. Crim. App. 2009), which Barrett cites in his brief. In that case, the Court of Criminal Appeals concluded that the trial court abused its discretion in excluding evidence related to a prior false accusation of sexual assault. *Id*. at 557. The excluded evidence tended to show that the complainant was "particularly angry" with her father approximately one month before she had accused him of sexual assault, had lied to a nurse about being sexually assaulted by one man when in fact she had engaged in consensual sex with her boyfriend, had lied about the incident "because her father was really strict about letting her see [her boyfriend]," and had "threatened to commit suicide" because of the incident. *Id*. at 567. According to the Court of Criminal Appeals, this evidence was "strong support for appellant's theory that [the complainant] had a motive to falsely accuse him of sexual molestation" and therefore should have been admitted despite the risk of prejudice. *Id*. at 567-68. In this case, the district court would not have abused its discretion in concluding that the probative value of the excluded evidence failed to rise to that level.

[21] *See Lopez v. State*, 343 S.W.3d 137, 140-41 (Tex. Crim. App. 2011); *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993).

In response, the State argues that Barrett failed to preserve error on this point. We agree. In order to preserve error, the objection at trial must comport with the complaint on appeal.[22] Here, Barrett objected at trial on the basis of speculation, which is a complaint that the witness lacks personal knowledge of the matter to which he is being asked to testify.[23] Barrett's complaint on appeal, however, is that Hupp's testimony is impermissible expert testimony that does not "assist the trier of fact" because only the jury can determine whether Doe is being truthful.[24] Because this is a different objection than the one on which the district court was asked to rule, we conclude that Barrett failed to preserve error in the court below.[25] We overrule Barrett's second point of error.

**Barrett's medical history**

During defense counsel's direct examination of Barrett's daughter, Delanie Smith, counsel elicited testimony that Barrett had been "diagnosed with arrhythmia and high blood pressure several years ago." Counsel then asked Smith "what sort of treatment did [Barrett] have for his heart." The State objected on the basis of relevance, and the district court sustained the objection. Counsel next asked Smith if her father had cancer. The State again objected on the basis of

---

[22] *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)).

[23] *See* Tex. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

[24] *See* Tex. R. Evid. 701, 702; *Lopez*, 343 S.W.3d at 140-41 (citing *Yount*, 872 S.W.2d at 708).

[25] *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349-50 (Tex. Crim. App. 2002); *see also De La Paz v. State*, 901 S.W.2d 571, 577-78 (Tex. App.—El Paso 1995, pet. ref'd) (objection based on ground that testimony was speculative failed to preserve error on ground that evidence constituted impermissible expert testimony); *Goodson v. State*, 840 S.W.2d 469, 473 (Tex. App.—Tyler 1991, pet. ref'd) (same).

9

relevance. The district court asked counsel to explain the relevance, and counsel responded, "It's his physical ability to do these heinous acts." The district court sustained the objection, and counsel moved on to another line of questioning. In this third point of error, Barrett asserts that the district court, by sustaining the State's objections, denied him his right to present a complete defense.[26]

It is well established that in order to preserve error in the exclusion of evidence, the complaining party must comply with Rule of Evidence 103 by making an offer of proof that sets forth the substance of the proffered evidence.[27] "The offer of proof may consist of a concise statement by counsel, or it may be in question-and-answer form."[28] "If in the form of a statement, the proffer 'must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible.'"[29] The proffer must "extend beyond the anticipated questions" that the complaining party intends to ask the witness and reveal, "with some degree of specificity, the substantive evidence [the complaining party] intended to present."[30] "The purpose

---

[26] *See Potier*, 68 S.W.3d at 665.

[27] *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); *see* Tex. R. Evid. 103(a)(2).

[28] *Mays*, 285 S.W.3d at 889.

[29] *Id*. at 889-90 (quoting *Warner*, 969 S.W.2d at 2).

[30] *Id*. at 890.

of the offer of proof is to show what the witness's testimony would have been—otherwise, there is nothing before the appellate court to show reversible error in the trial court's ruling."[31]

Here, when asked by the district court to explain the relevance of his line of questioning related to Barrett's medical history, counsel stated only that it was intended to negate Barrett's "physical ability to do these heinous acts." However, he provided no "reasonably specific summary" of what Smith's testimony would have been or how it would have tended to show that Barrett was physically unable to commit the charged offenses. Accordingly, this Court cannot determine whether the district court abused its discretion or erred in excluding the testimony and, if so, whether Barrett was harmed by the exclusion.[32] We overrule Barrett's third point of error.

## CONCLUSION

We affirm the judgments of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   September 30, 2015

Do Not Publish

---

[31] *Bundy v. State*, 280 S.W.3d 425, 428-29 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984)).

[32] *See Mays*, 285 S.W.3d at 890-91; *Warner*, 969 S.W.2d at 1-2; *Watts v. State*, 371 S.W.3d 448, 463-64 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Rhoten v. State*, 299 S.W.3d 349, 355-56 (Tex. App.—Texarkana 2009, no pet.); *Bundy*, 280 S.W.3d at 429.