

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-25-00048-CR

___

BRIAN ESPY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1849531, Honorable David Hagerman, Presiding

___

September 24, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

Brian Espy appeals from his murder conviction. His three issues concern 1) alleged error arising from the trial court's refusal to submit an instruction on mistake of fact; 2) alleged error arising from the denial of an unanimity instruction; and 3) the alleged insufficiency of evidence establishing an element of felony murder. We affirm.

___

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

***Background***

This case involves appellant (a previously convicted felon) shooting Adel Elhindawi who appellant thought was stealing a Jeep Grand Cherokee. In actuality, though, Adel and his employee, Hasan were regaining possession of the vehicle after temporarily loaning it to appellant's mother. Mother had not returned it.

The State charged appellant with murder but under two different manner and means. The first involved intentional killing under section 19.02(b)(1) of the Penal Code, while the second encompassed felony murder under section 19.02(b)(3) of the same code. Appellant's unlawful possession of the firearm used to kill Adel served as the predicate offense under the theory of felony murder. Trial was to a jury, which rendered a general verdict of guilty for murder.

***Issue One—Mistake of Fact Instruction***

Via his first issue, appellant contends the trial court erred in denying his requested instruction on mistake of fact. Allegedly, the record contained "evidence showing he believed Adel . . . [was] stealing his car." "That mistake of fact was relevant to [or supportive of] Appellant's claims of self-defense, necessity, and defense-of-property." There being evidence of mistake and the mistake purportedly being relevant and beneficial to those affirmative defenses, the trial court supposedly erred in denying the instruction on those grounds. We overrule the issue.

Section 8.02(a) of the Texas Penal Code states that it is a defense to prosecution when the defendant "through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the ***kind of culpability*** required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a) (emphasis added). The term, "kind of

2

culpability" refers to the mental state required for criminal responsibility. *Wall v. State*, No. 02-22-00173-CR, 2024 Tex. App. LEXIS 5697, at *62–63 (Tex. App.—Fort Worth August 8, 2024, no pet.) (mem. op., not designated for publication). However, a "mistake about the existence of a fact that would establish an affirmative defense to an offense, rather than negating an element of the offense, does not raise a mistake-of-fact defense." *Id.* at *63. The current appeal having been transferred from the Fort Worth Court of Appeals, our decision must accord with the precedent of that appellate court. TEX. R. APP. P. 41.3; *Xtria L.L.C. v. Int'l Ins. Alliance*, 286 S.W.3d 583, 593–94 (Tex. App.—Texarkana 2009, pet. denied). *See also Sell v. State*, 488 S.W.3d 397, 399 (Tex. App.—Fort Worth, pet. ref'd). So, the aforementioned excerpts from *Wall* control here. And, in so controlling, they require us to reject appellant's contention that the theory of mistake of fact could be used to foster his affirmative defenses. Thus, the trial court did not err in withholding the requested instruction.

### Issue Two—Unanimity Instruction

In his second issue, appellant argues the trial court erred in denying his unanimity instruction. Allegedly, he was entitled to same because the two theories of murder under which he was tried should be treated as separate offenses and, therefore, the jury was obligated to be unanimous regarding the type of murder committed. We overrule the issue.

Texas courts have concluded that subsections 19.02(b)(1), (2), and (3) of the Texas Penal Code merely describe alternative theories of murder; each is not a distinct offense. *Jones v. State*, No. 14-24-00474-CR, 2025 Tex. App. LEXIS 6582, at *8 (Tex. App.—Houston [14th Dist.] August 25, 2025, no pet.) (mem. op., not designated for

3

publication) (and cases cited therein); *accord, Diko v. State*, 488 S.W.3d 855, 858 (Tex. App.—Fort Worth 2016, pet. ref'd) (stating that "[t]his court, on three previous occasions, has rejected the argument advanced by Diko—that sections 19.02(b)(1) and 19.02(b)(2) constitute two separate offenses . . . "). In other words, they are different manner and means of committing murder. And, while jury unanimity is required in all criminal cases, "[j]urors . . . need not be unanimous about the specific manner and means of how an offense was committed." *Diko*, 488 S.W.3d at 858. Thus, the trial court did not err in rejecting appellant's request for a jury instruction informing jurors of the need to be unanimous on whether appellant committed murder under section 19.02(b)(1) or section 19.02(b)(3). *Accord Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (holding similarly regarding accusations of intentional murder and felony murder).

### Issue Three—Sufficiency of Evidence

The last issue implicates one of the two manner and means of committing murder, that being felony murder. Appellant contends the evidence was legally insufficient for a rational juror to believe beyond a reasonable doubt that he was advancing or furthering the unlawful possession of a firearm offense when he fired shots at Adel. We overrule the issue.

Again, the State accused appellant of committing murder in two ways. One was intentional murder, the other, felony murder. That is, the indictment included both intentional murder and felony murder. Moreover, both manner and means of committing murder were included in the jury charge, and after deliberating, the jury returned a general verdict.

As observed by the court from which we received this appeal, "[w]hen the jury renders a general verdict in an offense that may be committed in one of two ways and the defendant fails to challenge the sufficiency of the evidence to support one theory, we need not consider whether the evidence is sufficient to support the other theory as well." *Pruett v. State*, 484 S.W.3d 167, 169–70 (Tex. App.—Fort Worth 2015), *rev'd in part on other ground*s, 510 S.W.3d 925 (Tex. Crim. App. 2017); *L.M.W. v. State*, 891 S.W.2d 754, 758 (Tex. App.—Fort Worth 1994, pet. ref'd); *see also, Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012) (stating that where a jury returns a general guilty verdict on an indictment charging alternate methods of committing the same offense, the verdict stands "if the evidence is sufficient to support a finding under any of the theories submitted"). In other words, the appellant must attack the evidence underlying all possible ways of proving murder contained in the jury charge. *See Pruett*, 484 S.W.3d at 169–70; *L.M.W.*, 891 S.W.2d at 758 (overruling the sufficiency attack because the appellant failed to address each manner and means alleged in the charge). The jury having rendered a general verdict here and appellant having only questioned the sufficiency of evidence underlying conviction for felony murder, we need not consider and may overrule issue three, per *Pruett* and *L.M.W*.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.